HOFFMAN et al. v. MORGAN et al.

No. 34564.   May 6, 1952.

Rehearing Denied June 10, 1952.

245 P. 2d 67.

Cantrell, Carey & McCloud, Oklahoma City, and Curtis & Blanton, Pauls Valley, for plaintiffs in error.

J. Cal Counts and M. O. Counts, Oklahoma City, for defendants in error.

PER CURIAM. The parties will be referred to by their designation in the trial court.

Plaintiffs in error, Roy Hoffman, Jr., Shirley Thompson and J. P. F. Bowles, brought an action in the district court of Garvin county, Oklahoma, against Altaclair Morgan and (her daughter) Carolyn Jo Clark, a minor, to quiet title to certain undivided mineral interests in and under the land hereinafter described, which plaintiffs acquired from one George Eugene Clark.

Plaintiffs made timely request for appointment of guardian ad litem for the minor defendant, and M. O. Counts was appointed.

Answers were thereafter filed by both defendants, asserting an interest in said property only on behalf of the minor defendant. This asserted interest arose out of the provisions of a divorce decree rendered June 21, 1941, in the district court of Pittsburg county, Oklahoma, in an action wherein Altaclair Morgan was plaintiff and George Eugene Clark was defendant. Said decree provided for the support of the minor child of said marriage, Carolyn Jo Clark, by providing for child support at $10 per month beginning July 1, 1941, and by ordering the defendant to pay the

plaintiff for the minor child the income from the subject land until Carolyn Jo Clark became 18. The pertinent provisions of said decree are as follows:

"It Is Further Ordered by the Court that said defendant, George Eugene Clark, be, and he is hereby ordered and directed to pay to the plaintiff immediately the sum of $50.00 and he is hereby ordered and directed to pay to said plaintiff beginning July 1, 1941, the sum of $10.00, and a like sum on each succeeding month thereafter for the support, care, and maintenance of said minor child, Carolyn Jo Clark, and until the further order of this Court.

"It Is Further Ordered, Adjudged and Decreed By the Court that said defendant be, and he is hereby ordered and directed to pay to the plaintiff each year until the minor child, Carolyn Jo Clark, becomes eighteen years of age, the income, less taxes and actual cost of guardianship, from the following described property, situated in Garvin County, Oklahoma, to-wit:

"N½ of the SE¼ of Sec. 19, T. 2N., R. 1W. S½ of N½ of SW¼ and SW¼ of SW¼ and N½ of SE¼ of SW¼, Sec. 27, T. 2N., R. 1 West, Garvin County, Oklahoma."

Said decree was filed for record in Garvin county, Oklahoma, on November 2, 1942, long prior to plaintiffs' acquisition of said mineral interest.

Defendants contended that the delinquent installments for child support constitute a lien against the property, and further contended that the provisions in the decree above quoted imposed a lien or charge against the land, and that the proceeds of the sale of said mineral interest constituted income which was chargeable with the obligation for child support heretofore recited.

At the time of trial, resignation of M. O. Counts as guardian ad litem was presented, and J. Cal Counts was appointed as successor guardian ad litem.

The trial court held for the plaintiff and rendered judgment quieting title.

On the same date, to wit: October 7, 1948, the court, after hearing evidence, awarded M. O. Counts and J. Cal Counts guardian ad litem fees of $600, and assessed same against the plaintiffs, the prevailing parties, as costs of the case.

Thereafter, defendants filed their motion for new trial. Before the court's decision on motion for new trial and while same was under advisement, and on March 26, 1949, plaintiffs filed their motion for allowance of attorneys fees under 42 O. S. 1951 §176. In the meantime, Altaclair Morgan had filed her disclaimer and her motion for new trial was stricken as moot.

Plaintiffs appealed from that portion of the judgment allowing guardian ad litem's fees to the minor defendant's attorneys, and charging same as costs against the plaintiff. The minor defendant cross-appealed from the judgment denying her a lien against plaintiffs' mineral interest.

After the appeal was perfected defendants filed their motion in this court for suit money and attorneys' fees for services in the appellate court.

We do not believe that the provisions in the divorce decree in Pittsburg county, directing the defendant and his guardian to pay the "income less taxes" or the "income and rents" imposed a lien upon the subject property. The paragraphs in question, in so far as they had any effect, merely designated or attempted to designate some supplementary source of income for the minor child of the parties, and we suppose that the court intended that the order might be enforced, if necessary, by contempt proceedings if payment were not made. Scott v. Scott, 80 Kan. 489, 103 P. 1005.

Nor do the delinquent monthly installments for child support constitute a lien against the property in question. Ordinarily, the delinquent installments might become a lien when unpaid and reduced to judgment in an

action brought thereon. Reynolds v. Reynolds, 192 Okla. 564, 137 P. 2d 914.

Enforcement of the order by lien and execution would be manifestly ill adapted to the nature of such an order because of the uncertainty as to the amount and the indefinite duration of the order, all of which would be subject to the continuing jurisdiction of the court to change and modify. It must, therefore, be presumed that the ordinary methods of enforcement by contempt were considered to be sufficient.

With reference to the allowance of a fee to the guardian ad litem in the sum of $600 charged against the prevailing parties as costs, it is contended that said fees are not "costs" authorized by statute, but, if "costs", then same should follow the judgment as provided by 12 O. S. 1941 §928, in actions for recovery of real property.

We believe that guardian ad litem fees, where permitted, may properly be termed or designated as "costs". "Costs" are defined as "statutory allowances to a party to an action for his expenses incurred in the action", 14 Am. Jur. p. 4, §2. The meaning of the term should not be rigidly confined to the items specifically enumerated as costs to the exclusion of any other necessary expenditures. In Rand v. Nash, 174 Okla. 525, 51 P. 2d 296, the trial court appointed an auditor and taxed the fees as costs. In that case this court held that courts of general jurisdiction possess inherent power to supply themselves with auditors in this type of cases. And, with respect to classifying said fees as costs, the court said, in quoting from another case:

"As there is no statute, federal or state, and no rule of court excluding auditor's fees and the expense of his stenographer from the items taxable as costs, no reason appears why they may not be included, like other expenditures ordered by the court with a view to securing an intelligent consideration of a case."

The appointment of a guardian ad litem for the infant's protection is required by our statute. 12 O.S. 1941 §228. The guardian ad litem becomes an officer of the court and is charged with the duty of protecting the rights of the infant for the state in its roll of parens patriae. The right of the court to award a reasonable fee to the guardian ad litem is implied from the right and duty to appoint, and from the necessity of insuring the ward adequate legal protection, and the fee may be properly taxed as costs, for it is an expenditure necessary to the performance of the judicial function.

Under 12 O. S. 1951 §930, the court was authorized to exercise its discretion in awarding and taxing costs. Of course, this is a legal discretion and must be reasonably exercised.

This action was brought for the sole benefit of the plaintiff in the procurement of a merchantable title. Plaintiffs' title cannot be rendered invulnerable against attack without the presence of the minor defendant, and the appointment of a guardian ad litem, who, of course, was required to vigorously assert and defend the minor's interest. The minor could not convey or disclaim so as to avoid costs. She had no assets. The plaintiffs purchased with knowledge of defendant's potential equities. We believe that the circumstances were just such as to justify the particular exercise of the court's discretion in the apportionment of costs.

Plaintiffs, however, complain of the failure of the court to allow them attorneys' fee for defeating the asserted lien of the minor defendant. This claim was not presented during the trial of the case but some months after the case was tried and after motion for new trial was filed. The plaintiffs sought the allowance of a fee identical to that allowed the guardian ad litem.

This, of course, was not an action brought to enforce a lien within the meaning of 42 O. S. 1951 §176. It was an action to quiet title and to defeat the assertion of any claim which the defendants were required to assert after the filing of plaintiffs' action. The plain-

tiffs' claim in this respect is without merit.

Plaintiffs also contend that the amount assessed and allowed as fees of the guardian ad litem was excessive and unreasonable. Testimony covering value of the services rendered ranged from $250, proposed by the plaintiffs, to $1,000 or more, sought by the guardian ad litem. Although the fee allowed was a liberal one, we do not think it so excessive as to justify this court reducing it or setting it aside.

Defendant seeks additional fees in this court for guardian ad litem services. They filed voluminous briefs and, no doubt, have done a considerable amount of work, justifying a reasonable fee. However, the fee allowed in the trial court and taxed as costs was a generous one. Courts should be conservative in fixing the amounts of fees in such cases. Litigation should not be made so expensive by the imposition of large amounts of costs so as to deprive litigants of their right to use the courts. We believe that motion for further fees should be denied.

Affirmed.

This court acknowledges the services of Attorneys Arnold Fleig, Ted Foster and George E. Fisher, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.