246 F.2d 421
 Jerry Mae KELSO, Appellant,
v.
Emerson R. KELSO; Kelso Department Store, Inc., a corporation; Kelso Clothing Company, Inc., a corporation; Aircraftsmen, Inc., a corporation; Tom H. Avant and Charles White, Appellees.
 No. 5547.
 United States Court of Appeals Tenth Circuit.
 June 28, 1957.
 Rehearing Denied July 26, 1957.
 
 John H. Cantrell, Oklahoma City, Okl., for appellant.
 J. A. Rinehart, El Reno, Okl., for appellees.
 Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.
 PICKETT, Circuit Judge.
 
 
 1
 This action was brought to determine the meaning of certain provisions of a divorce settlement and decree. In an earlier appeal we construed the agreement and decree, 225 F.2d 918. The facts and background of the case are set forth in a former opinion and need not be repeated here in detail. The record indicates that the business relations between the parties have now been discontinued and the dispute is confined to that of a final accounting. This is an appeal from the judgment entered upon remand, in which Mrs. Kelso contends that the court did not follow the mandate of this court and applied erroneous accounting methods in arriving at its judgment.
 
 
 2
 At the time of the divorce, the property of the parties consisted of a number of separate and distinct businesses operated by corporations and partnerships. The substance of our former decision was that by settlement the parties intended to divide their property equally; that Kelso should continue to operate and manage them, and pay to Mrs. Kelso $1,000 per month; that Kelso was entitled to future earnings from Mrs. Kelso's property to recoup the $1,000 monthly payments, but that the assets of Mrs. Kelso could not be used for that purpose. Stated differently, Mrs. Kelso was to own as her sole and separate property, one-half of all of the property owned by the parties. Kelso was to manage the businesses, and personally pay Mrs. Kelso $1,000 per month, having the right to her earnings up to that amount, and to recoup deficiencies from her future earnings. Kelso had interpreted the agreement to mean that if Mrs. Kelso's earnings did not equal the $1,000 monthly payments, the difference should be charged against her capital account. Kelso, in making the monthly payments, took $7,650 from one of the businesses and $7,350 from another, and charged those amounts to the capital accounts of Mrs. Kelso. These two businesses were not prosperous and were later liquidated, at which time the assets were of little value.
 
 
 3
 Upon remand the court entered judgment crediting the capital assets accounts of Mrs. Kelso with these amounts and charging the same to Kelso. One of the principal contentions on this appeal is that the court should have treated these withdrawals as advances or loans to Kelso and required him to repay them into the different businesses to be distributed, or to give Mrs. Kelso a personal judgment for those amounts. We find no merit in this contention. The divorce settlement and decree in no way required Kelso to protect or guarantee that the value of Mrs. Kelso's capital account in any of the businesses would remain stable or intact; it placed no restriction on the right of either party to withdraw all or any part of the capital. Kelso's use of funds from his capital account to satisfy his obligations to Mrs. Kelso was the equivalent of making payment to her from his personal funds. No contention is made that at the time of the withdrawal Kelso's capital account was overdrawn; there is no hint of fraud or bad faith. So far as the record is concerned, Mrs. Kelso's losses in these two businesses did not result from the withdrawals, but from business failure, for which Kelso was not accountable.
 
 
 4
 The parties appear to be in general agreement that there is a deficit in the amount due Mrs. Kelso, attributable to the $1,000 per month provision of the divorce decree, plus an additional item of $350, in the aggregate sum of $10,068.25, and judgment in favor of Mrs. Kelso was entered for this amount. The court found that Kelso was entitled to a judgment in recoupment for the sum of $10,414.24. This sum was made up of dividends declared from earnings in Aircraftsmen, Inc., in the sum of $3,939.80, and Kelso Department Store of $6,474.44. The judgment required the $6,474.44, which was still held by the corporation, to be paid directly to Kelso, and entered judgment against Mrs. Kelso for the remaining amount. Mrs. Kelso challenges the inclusion of the $6,474.44 item in the recoupment judgment and asks that it be reduced accordingly. The department store dividends were declared out of surplus, or retained earnings in existence at the time of the divorce decree. The parties agreed that the corporation should withhold the payment of the dividends until the court determined to whom they should be paid. In the former appeal it was held that Kelso's recoupment should be limited to "future earnings". It is true, in the absence of statute or special circumstances, earned surplus remains the property of the corporation, and stockholders may not regard it as earnings or property until the corporate directors, acting within their discretion, have declared dividends,[1] but that rule has no application to the facts in this case. These were family corporations, with Kelso in complete control. The earned surplus was an asset belonging to them, and we conclude that it was within the contemplation of the parties that it should be treated the same as any other assets of the parties. Consistent with this, any earned surplus accumulated at the time of the divorce decree must be regarded as assets to be then divided, rather than "future earnings", and subject to recoupment by Kelso.[2] To hold otherwise would create a situation where, by the declaration of a corporate dividend payable out of assets in existence at the time of the settlement, Mrs. Kelso as a stockholder, would be deprived of her interest in the assets and Kelso permitted to obtain the benefit thereof to discharge his personal obligation. We therefore hold that dividends declared from the earned surplus of the corporations were not "future earnings" of the corporations within the meaning of the divorce settlement and decree, and are not subject to recoupment by Kelso.
 
 
 5
 Kelso withdrew from the management of Aircraftsmen, Inc. on December 8, 1953, and he was no longer responsible to Mrs. Kelso for its operations, and his monthly obligation was reduced proportionately. In May, 1955 the corporation declared a dividend on Mrs. Kelso's stock amounting to $1,580. After his withdrawal from this corporation, Kelso no longer had any right to dividends accruing to Mrs. Kelso, therefore he would not be entitled to recoupment from dividends earned after his withdrawal.
 
 
 6
 Mrs. Kelso maintains that she is entitled to reasonable attorney fees under Oklahoma's statutory provision for attorney's fees in lien enforcement suits. Okl.Stat., Title 42, § 176. This was an ordinary declaratory judgment action and not a lien enforcement suit for which attorney fees are allowable under the statute. Hoffman v. Morgan, 206 Okl. 567, 245 P.2d 67, 30 A.L.R.2d 1141. Mrs. Kelso also objects to the allowance of attorney fees in connection with the representation of the different businesses which were made parties to this action. The fact that Mrs. Kelso indirectly suffers in proportion to her ownership in the corporations and partnerships does not affect the propriety of charging the fees as ordinary expense. The businesses were defendants, and adequate representation was necessary in the ordinary course of their business.
 
 
 7
 The case is remanded with instructions to modify the judgment pursuant to the views herein expressed.
 
 
 
 Notes:
 
 
 [1]
 13 Am.Jur., Corporations, § 683; Guttmann v. Illinois Central R. Co., 2 Cir., 189 F.2d 927, 27 A.L.R.2d 1066; Agnew v. American Ice Co., 2 N.J. 291, 66 A.2d 330, 10 A.L.R.2d 232
 
 
 [2]
 $5,270.68 of these dividends from surplus were declared on August 31, 1955, the day that Kelso surrendered control of all the businesses included in the settlement