**Mary Jo CRANE (nee Durant), Plaintiff,**

v.

**Franklin Leslie CRANE, Defendant,**

v.

**The UNITED STATES of America, Garnishee.**

No. 75–322–C.

United States District Court, E. D. Oklahoma.

Feb. 27, 1976.

Request To Set Aside Order March 18, 1976.

Tom Smith, Poteau, Okl., for plaintiff.

Richard Pyle, U. S. Atty., by Betty O. Williams, Asst. U. S. Atty., Muskogee, Okl., for Garnishee.

---

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff was granted a divorce from Defendant in the District Court of LeFlore County, Oklahoma on December 1, 1963. The Divorce Decree ordered Defendant to make payments to Plaintiff for the support of minor children. Plaintiff filed an Affidavit for Garnishment in said Court sometime during the month of November, 1975 in which the United States was designated as Garnishee. It is stated in said Affidavit that Defendant is drawing retirement benefits from the United States Air Force. The garnishment against the United States is pursuant to 42 U.S.C. § 659.[1] An Order was issued in the State Court pursuant to said Affidavit to Defendant and Garnishee directing them to appear and show cause why a Garnishment Summons should not issue. Such procedure was pursuant to 12 Oklahoma Statutes 1974 Supp. § 1172.1 which sets out the procedure for obtaining garnishment summons *prior to judgment.* In this regard, the record fails to disclose that the purported child support arrearages due Plaintiff have been reduced to judgment.

■ The United States upon receipt of the Order to Show Cause removed the Garnishment Action[2] to this Court. Said removal had the effect of nullifying the Show Cause hearing set before the State Court. Plaintiff, however, filed a new Affidavit in Garnishment in this Court after said removal requesting an Order to Show Cause why a Garnishment Summons should not issue. On January 23, 1975, this Court issued the requested Order directing the Defendant and the Garnishee to show cause in writing why a Garnishment Summons should not be issued.

The United States as Garnishee has responded to the Show Cause Order setting up several objections to include a contention that the retirement pension sought to be garnished is exempt from prejudgment garnishment.[3] The United States asserts that the retirement pension in question constitutes "earnings" or compensation for personal services as defined in the Federal Statutes establishing restrictions on garnishment. 15 U.S.C. § 1672(a).

Plaintiff has filed a Reply to the Garnishee's Response in which she urges that the retirement pension of the Defendant does not constitute such earnings which are exempt from prejudgment garnishment pursuant to Oklahoma law.[4] Plaintiff contends that the definition of earnings con-

---

1. Said Statute provides:

   "Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments."

2. The Removal Petition fails to specify that only the Garnishment Action is being removed. The Divorce Action itself is not removable due to the well established rule that the field of domestic relations affecting husband and wife or parent and child belongs exclusively to the laws of the States. *Barber v. Barber,* 62 U.S. (21 How.) 582, 16 L.Ed. 226 (1859); *McCarty v. Hollis,* 120 F.2d 540 (10th Cir. 1941). Thus, only the Garnishment proceedings have been properly removed to this Court.

3. Other matters which have been raised appear to go to the merits of the Garnishment proceedings and need not be considered in determining whether the Garnishment Summons should issue.

4. State Garnishment procedures are applicable in this action initiated in State Court and in all Garnishment proceedings in Federal Court pursuant to Rule 69(a), Federal Rules of Civil Procedure.

tained in the Federal Statute restricting garnishments should not apply because said statute contains provisions that the restrictions on garnishment do not apply to actions for support of persons. 15 U.S.C. § 1673(b).

▪ Under Oklahoma law, an Order to pay child support is interlocutory during the minority of the child. *Reynolds v. Reynolds,* 192 Okl. 564, 137 P.2d 914 (1943). The recovery of unpaid child support payments is an action on a debt. *Turk v. Coryell,* 419 P.2d 555 (Okl.1966). Delinquent child support payments are not a lien on property until reduced to judgment. *Hoffman v. Morgan,* 206 Okl. 567, 245 P.2d 67 (1952). Plaintiff in the instant action is correct in proceeding under the Oklahoma pre-judgment garnishment procedures as the arrearage has not been reduced to judgment and the Court finds this procedure to apply.

▪ The Federal law on restrictions on garnishment (15 U.S.C. §§ 1671–1677) does not establish garnishment procedures and only preempts State garnishment laws which permit a larger amount to be garnished than set out in the Federal law. *Hodgson v. Hamilton Municipal Court,* 349 F.Supp. 1125 (S.D.Ohio 1972); *Hodgson v. Cleveland Municipal Court,* 326 F.Supp. 419 (N.D.Ohio 1971). In the instant case, the Oklahoma garnishment procedures are applicable and at this stage of the proceedings, nothing in the Federal Statutes in question preempt the Oklahoma procedures. In the recent case of *Willhite v. Willhite,* 546 P.2d 612, Vol. 47 Oklahoma Bar Association Journal, p. 448 (February 17, 1976) the Oklahoma Supreme Court considered this point and held:

"Appellee claims that by virtue of this statute and 15 U.S.C.A. 1673(b) the Federal Government has pre-empted the law and lifted the restrictions on garnishment of more than 25% of an employee's wages when the support of a person is involved. This argument is without merit. 15 U.S.C.A. 1677 provides that:

'This subchapter does not annul, alter or affect, or exempt person from complying with, the laws of any state:

(1) prohibiting garnishment or providing for more limited garnishments than are allowed under this subchapter

(2) * * *'

As between this subchapter and state law—whichever is more restrictive and results in smaller garnishment is the one which must be applied in any given situation. *First National Bank of Denver v. Columbia Credit Corporation,* 179 Colo. 242, 499 P.2d 1163 (1972).

Oklahoma, by virtue of 31 O.S.1971 §§ 1 & 4, does not permit garnishment of more than 25% of an employee's wages. There is no exception made for child support. Thus Oklahoma law is more restrictive than the governing federal law and must be followed. Therefore, we hold garnishment of more than 25% of appellant's wages is not permitted."

The restriction relative to pre-judgment garnishment is found in 12 Oklahoma Statutes 1971 § 1171.1 which provides:

"Money that was earned by a natural person as wages, salary, bonus or commission for personal services shall in all cases be exempt from garnishment issued *before judgment* of the trial court." (Emphasis added)

Plaintiff's contention that the pension in question is not included in said definition because it is compensation for past services is wholly without merit. The statutory provision contains no reference to current or past services, makes no distinction between the two and both are clearly covered in said exemption. Plaintiff's further contention that pension payments do not constitute "earnings" is wholly inconsistent with the provisions of 42 U.S.C. § 659 under which she brings the instant Garnishment action. In said Statute the United States consented to be sued in Garnishment for "Moneys (the entitlement to which is based on remuneration for employment) due from, or payable by the United State to any individual, including members of the armed forces." If the pension in question is not based on remuneration for employment, it is not subject to recovery by Garnishment against the United States.

Moreover, as the pension in question is paid pursuant to Federal law and the consent by the United States to allow Garnishment of its employees for child support and alimony debts is based on Federal law, the Court is of the opinion that the Federal statutory definition of "earnings" in relation to restrictions on Garnishment proceedings as set out in 15 U.S.C. § 1672(a)[5] should be applied in this case. Such definition does not conflict with or preempt Oklahoma law but serves to complement or supplement same in the instant case. The exception contained in 15 U.S.C. § 1673(b) that restrictions on Garnishment do not apply to orders for the support of a person only applies to 15 U.S.C. § 1673(a) and does not nullify the definitions contained in the preceding statutory section. Further, said exception does not apply to Oklahoma Garnishment procedures, *Willhite v. Willhite, supra.*

■ The Court finds that the requested Garnishment Summons should not issue in this cause for the reasons that the child support payments alleged to be delinquent have not been reduced to judgment by Plaintiff and the United States Air Force retirement pension which Plaintiff seeks to garnish constitutes money earned for personal services and is thus exempt from pre-judgment garnishment under Oklahoma law.[6] Further, 12 Oklahoma Statutes 1975 Supp. § 1172 setting out procedures for pre-judgment garnishment provides no Garnishment Summons shall issue unless Defendant has been served with the Garnishment Affidavit. The record in the instant case fails to disclose same has been complied with.

As it is determined that the Garnishment Summons in this action should not be issued, the instant Garnishment action should be dismissed.

### Request to Set Aside Order

On February 27, 1976 this Court issued an Order denying Plaintiff's Application that a Garnishment Summons issue pursuant to the Oklahoma pre-judgment garnishment procedures set out in 12 Oklahoma Statutes 1971 § 1172.1. The basis of said ruling was that the record disclosed that the debt upon which the proposed garnishment was based consisted of purported arrearages in child support payments which had not been reduced to judgment in the divorce court, and the moneys sought to be garnisheed against the United States constituted moneys earned by Defendant for personal services which moneys are specifically exempt from pre-judgment garnishment pursuant to 12 Oklahoma Statutes § 1171.1.

■ Plaintiff by a letter to the Court dated March 3, 1976 has requested said Order be set aside because Defendant is a nonresident and it is urged 31 Oklahoma Statutes 1971 § 3 applies "the" exemption only to residents of the State of Oklahoma. Said argument is wholly without merit because the provisions of Title 31, Oklahoma Statutes 1971 § 3 have no bearing on the garnishment statute which sets out the specific exemption in 12 Oklahoma Statutes § 1171.1 prohibiting the type of garnishment sought by Plaintiff.

Plaintiff states in said letter that it will be necessary to reinstitute proceedings in state court once more. Counsel for Plaintiff would be remiss in his duty to his client if he fails to reduce said arrearages to judgment in the divorce court and thereafter take proper measures to collect same by the means allowed by law. The means for collection attempted by Plaintiff in the cur-

---

5. The definition contained in said statute provides:

    "The term 'earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program."

6. Even if the pension in question was not exempt from pre-judgment garnishment, 12 Oklahoma Statutes 1971 § 1182 provides that no trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action. This provision indicates that the garnishment proceedings could not be completed in any respect until the child support payments in question are reduced to judgment.

rent proceedings which were considered by this Court were simply improper and not in accordance with the law.

 Counsel for Plaintiff complains that a hearing was not conducted pursuant to 12 Oklahoma Statutes § 1172.1, 1 and 3 in regard to the Order to Show Cause whether a garnishment summons prior to judgment should issue pursuant to Oklahoma State garnishment proceedings. As to 12 Oklahoma Statutes § 1172.1, 1, the United States of America was served with a Show Cause Order of the Court directing that it show cause on February 12, 1976 and it did so in writing on that date. As service was not had upon the Defendant he did not show cause. Service was made on Defendant's attorney in the State divorce court (said attorney not being of record herein) but said attorney responded to said service on him that he did know the whereabouts of Defendant and had not been retained by Defendant to represent him in this Court in this pre-judgment garnishment proceeding. It therefore appears that the requirement of 12 Oklahoma Statutes § 1172.1, 1 for service on the Defendant has not been satisfied. As to 12 Oklahoma Statutes § 1172.1, 3 the Garnishee briefed its showing of cause and the Plaintiff briefed in response thereto. This put in issue the respective positions of the Plaintiff and the Garnishee. Aside from the failure of Plaintiff to obtain proper service on the Defendant as required by 12 Oklahoma Statutes § 1171.1, the Court considered the issues between the Plaintiff and Garnishee to have been joined and briefed and to present only pure questions of law. These questions of law were resolved by the Order of the Court entered herein on February 27, 1976 and which the Plaintiff now requests be set aside. As stated in said Order it was undisputed between Plaintiff and the Garnishee that this was a pre-judgment garnishment proceeding and the Court found therein as a matter of law that Defendant's pension as money earned by a natural person as wages was exempt from garnishment issued before judgment pursuant to 12 Oklahoma Statutes § 1171.1.

Thus, Plaintiff has never brought Defendant into Court for a hearing as required by 12 Oklahoma Statutes § 1172.1. Moreover, the issues presented by Plaintiff's Affidavit for Garnishment as joined by the Garnishee showing of cause thereto have been briefed by the Plaintiff and Garnishee and found by the Court to present pure questions of law for decision by the Court. In these circumstances, a hearing is not necessary.

Plaintiff's request that the Order of February 27, 1976 entered herein be set aside is denied.