Hon. Howard E. Pachman County Attorney, Suffolk County
This is in reply to your letter of May 11, 1979 in which you seek this office's opinion on the following: "Does CPLR sec 5231 authorizing income executions of 10% of gross income of $85.00 or more comply with the provisions of 16 U.S.C.A. sec 1673?" You further state:
 "The federal statute and companion regulations set up a minimum standard below which wages are not subject to garnishment. The lesser of 25% of disposable income for the week or the amount by which disposable earnings exceed thirty times the minimum wage is subject to garnishment. Specifically, the schedule set up in 29 C.F.R. § 870.10 provides that as of January 1, 1979, `disposable income' of less than $87.00 is not subject to garnishment and `disposable income' over $87.00 but under $116.00 is only subject to garnishment on the difference between the two."
Garnishment proceedings in New York are subject to both State and Federal limitations.
Section 5231 (b) of the CPLR states, in part:
"(b) Issuance.
 Where a judgment debtor is receiving or will receive more than 85 dollars per week from any person, an income execution for installments therefrom of not more than ten percent thereof may be issued * * *."
This section differs from the Federal Wage Garnishment Law,15 U.S.C. § 1671-77.
 "§ 1673 (a) * * * the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed
 (1) 25 per centum of his disposable earnings for that week or
 (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage [30 × $2.90 or $87.00 in 1979].
* * *"
If there is a conflict between State and Federal law, the Supremacy Clause in Art. VI of the United States Constitution dictates that Federal law takes precedence. See Hodgson v Cleveland Municipal Ct.,326 F. Supp. 419 (ND, Ohio, 1971) and Hodgson v Hamilton Municipal Ct.,349 F. Supp. 1125 (SD, Ohio, 1972).
In our opinion, however, the Federal Wage Garnishment Law is only a limit on garnishments.
The State limitation on amount in CPLR § 5231 should apply whenever it results in a lower garnishment amount, since the garnishment of a smaller amount is not in conflict with the Federal statute.
It also is justified by language in Labor Department Wage-Hour Division Publication No. 1309, page 4, which states:
 "For example, where a state law restriction on garnishment to a class of individuals such as householders results in a lesser amount subject to garnishment than under federal law, that law rather than the Federal restriction will be applicable. This rule applies even though the state laws in other respects imposes restrictions on garnishments less favorable than Federal law."
In Evans v Evans, 429 F. Supp. 580 (WD, Okla, 1976) and Crane v Crane,417 F. Supp. 40 (FD, Mich, 1976), the Court used the Oklahoma statute which was more restrictive in its limits on garnishment for child support. In other respects, the Oklahoma law was not more restrictive than Federal law, and in those areas Federal law would preempt the State law.
It is this office's opinion that the New York statute is viable and that the Federal statute serves only to limit. Accordingly, the proper way to determine the maximum amount of money which may be garnished from an individual's earnings is:
 (1) compute the maximum amount allowable under State law, i.e., CPLR § 5231;
 (2) compute the maximum amount allowable under Federal law, i.e., 15 U.S.C. § 1673; 29 C.F.R. Part 870;
 (3) take the lower figure and use this as the maximum.