**K.B. SELLERS, Appellant,**

v.

**Joe JOHNSON, Appellee.**

**No. 63163.**

Court of Appeals of Oklahoma,
Division No. 2.

April 29, 1986

D. Gregory Bledsoe, Randy A. Rankin, Tulsa, for appellant.

Kenneth W. Lackey, Lackey & Wendel, Eufaula, for appellee.

BRIGHTMIRE, Presiding Judge.

Under attack in this assault and battery action is a post-dismissal order requiring plaintiff to reimburse the state for certain jury expenses and defendant for an attorney fee expenditure.[1]

We affirm the attorney fee judgment and vacate the jury cost assessment.

## I

This action was commenced November 18, 1983, by K.B. Sellers against Joe Johnson, the mayor of Eufaula, Oklahoma, to recover damages for personal injuries alleged to have been sustained during the early morning hours of October 23, 1983, at Fountainhead Lodge when plaintiff was hit in the mouth by defendant.

Ten days later defendant filed an answer in which he admitted an altercation occurred on the alleged date but that plaintiff was the aggressor whose lewd provocative taunts sparked the tooth-shattering attack.

A pretrial conference was held June 7, 1984, by which time considerable discovery had been accomplished mainly by deposition. The case was set for trial September 4, 1984, and, because of the lawsuit's notoriety, the court decided it should be tried before a jury selected from an enlarged venire summoned specially for this one case.

On the morning the trial was to commence plaintiff did not appear. His lawyer orally asked the court for a continuance on the ground plaintiff was with his wife who was in a Dallas, Texas, hospital undergoing medical testing.[1.5] No verified application was filed; no physician's report was offered. It appears, however, that the trial court did recess and contact Mrs. Sellers' Eufaula physician. Upon returning to the bench the judge pronounced his decision to deny the requested continuance.

Plaintiff then announced dismissal of his lawsuit without prejudice. Jurors were excused from further service and paid a total of $908.80 for per diem and travel. Four days later defendant filed a motion to tax an attorney fee and costs "expended by the defendant" against plaintiff on the ground the dismissal "was not in good faith" but was for the "purpose of harassing the defendant." Attached to this motion was an itemized statement of time spent by defendant's attorney and expenses incurred totaling $7,720. It did not include any jury expense.

On September 18, 1984, the court heard the matter, took it under advisement and, on a date not mentioned in the order, handed down a decision which was embodied in an order filed October 2, 1984. In it the court found, in effect, that the dismissal—and by implication plaintiff's failure to appear for trial—was in bad faith and for vexatious purposes; that the court had inherent equitable power, under these circumstances, to render a judgment against

---

1. There is a question about whether an appealable order or judgment has been rendered in this case. The order recites that the trial court makes certain findings followed by the phrase, "It is so ordered!" The inference is, of course, that the intent of the court was to enter an order or judgment consistent with his findings.

1.5. Different lawyers are handling this appeal.

plaintiff in favor of defendant for the latter's attorney fee expense for services which will have to be performed again in case the lawsuit is refiled; and that the county should be reimbursed for the amount paid out of the court fund for the one day appearance of the veniremen. The authority relied on by the trial court for this legal conclusion was the case of *City National Bank & Trust Co. of Oklahoma City v. Owens,* 565 P.2d 4 (Okl.1977). Consequently, the trial judge implicitly awarded defendant a judgment against plaintiff for an attorney fee in the amount of $2,065, and ordered that "the assessment of the jury costs in the amount of $908.80 shall remain assessed against the plaintiff in this case." [2]

Plaintiff appealed contending: (1) that the dismissal was not in bad faith but was necessitated by the abuse of the court's discretion in denying plaintiff a continuance because of the absence of both him and his wife—a key witness; (2) that the court was without power to tax jury costs against plaintiff; and (3) that an inadequate foundation was laid for the amount of the attorney fee judgment.

## II

■ With regard to plaintiff's first contention—that the court, in effect, was not justified in finding that the dismissal was in bad faith and vexatious under the circumstances—we hold that, given a record that is somewhat incomplete and, in certain respects lacking foundational evidence, it cannot be said that the trial court's finding of bad faith, denial of continuance or award of attorney fee were abuses of discretion.

■ It is fundamental that the burden rests on the appellant to make and preserve a record predicate for its complaints on appeal and to see to it that such record is available to the reviewing court. Here there is nothing in the record which would have supported a finding that it was necessary for plaintiff's wife to undergo medical

testing at the particular time in question or that both plaintiff and his wife could not have appeared for trial. This being so plaintiff's failure to appear and proceed with the specially set trial could be found to be a bad faith imposition on both the court and the opposing party. To say the least such conduct was oppressive and vexatious.

■ We are persuaded that it was not an abuse of discretion to award defendant an attorney fee for wasted legal service his lawyer performed in preparation for trial, that is, service that will have to be repeated in the event a second lawsuit is filed and tried.

With respect to the amount of the attorney fee award, it is true no hearing was held which featured sworn supporting testimony. There was, however, an admission by plaintiff that the itemized statement attached to defendant's motion was not objected to and that the only objection he had was to being required to pay for services that would not have to be repeated in the event of a refiling. The trial court agreed with this and restricted the award to items which would have to be repeated.

## III

■ Plaintiff's other contention—concerning the assessment of the jury expense—presents a more difficult question. After reviewing the relevant law we conclude that the court had no inherent power to require plaintiff to reimburse the county for the jury expense in question.

The court evidently realized that *Owens* did not involve or discuss the matter of court costs because in his order he reasoned that "if the court has the inherent equitable power to award attorney fees regardless of ... [whether] authorized by statute or contract, then surely it has the equitable power to assess *such* costs ..." meaning the $908.80. (Emphasis added.)

2. No judgment as such was rendered in favor of defendant for the attorney fee which the court

found should be awarded.

[redacted] Costs, however, as that term is used in connection with lawsuits, are statutory allowances to a party to an action for certain litigation expenses he has incurred. Such costs are governed by statute and statutory authority to tax "costs" contemplates costs which the *parties* are required by law to pay. 12 O.S.1981 §§ 922–941; *Hoffman v. Morgan*, 206 Okl. 567, 245 P.2d 67, 30 A.L.R.2d 1141 (1952). In this sense—reimbursement of a party—the taxing of costs is consistent with the attorney fee award ordained by *Owens.* The thrust of both the costs statute and *Owens* is partisan reparation—that is, to reimburse the party who has won or who has been wrongfully imposed upon for the expense he has incurred for costs and attorney fees. The trial court was, of course, correct in rejecting defendant's request to enjoin plaintiff from filing a second suit until he paid off the cost assessment and the attorney fee judgment. *Moses v. Hoebel*, 646 P.2d 601 (Okl.1982). The court was wrong, however, in assuming it had inherent power to assess costs not imposed by statute and for which the opposing party is not responsible.[3] Power to assess litigation expenses is generated only by statute. *Sloan v. Owen*, 579 P.2d 812 (Okl.1978).

We, to be sure, can understand the trial court's concern about the wasted time and expense that went into the fruitless jury call in this case. But the dismissal was something plaintiff had a right to do. It would seem that if the court had inherent power to require a dismissing party to indemnify the county for the expense it incurred in summoning a jury venire, then it could require indemnification for any other expense secondary to a failure to prosecute the dismissed case on the day set for trial. In deciding a similar issue, the court made these observations in *Williams v. Myer*, 150 Cal. 714, 89 P. 972 (1907):

> "But we can find no warrant in law for imposing on the defendant, in addition to [the other parties' expenses], the payment to the clerk of the court of the per diem and mileage paid by and due from the county to jurors summoned for the trial, amounting to $240.90. These were the expenses of the general panel of jurors, and under no circumstances could be considered as costs in the action or taxable as such. It was part of the governmental duty of the county of Inyo, in the administration of justice therein, to furnish litigants in its courts ... a panel consisting of sufficient competent persons from which the litigants might select a trial jury. [Such expense is] ... one of the general expenses of government."

This same result was reached in *Gleckman v. United States*, 80 F.2d 394 (CCA 8, 1935) holding that in a criminal case such items as jury fees, jury mileage, jury bailiff fees, jury meals, marshal fees, and traveling expense of the trial judge, could not be taxed as costs. "These items," said the court, "... [are] the expense incurred by the government in providing a tribunal, that is, a judge and jury for the trial of the case...." The term "'costs of prosecution,'" continued the court, "does not include the general expense of maintaining the system of courts ... which is an ordinary burden of government."

IV

The order appealed is affirmed as to the attorney fee award and reversed as to the $908.80 jury expense assessment.

RAPP and STUBBLEFIELD, JJ., concur.

[redacted]

3. *Pierce County v. Magnuson*, 70 Wash. 639, 127 P. 302 (1912).