## HOWARD v. BROWN.

No. 22158. April 2, 1935.

Rehearing Denied May 21, 1935.

C. B. Leedy, for plaintiff in error.

L. H. Clark, for defendant in error.

PER CURIAM. Plaintiff in error was the defendant below, and defendant in error was the plaintiff below. Plaintiff in error will be referred to herein as the defendant, and the defendant in error will be referred to herein as the plaintiff.

Facts Stated: The first cause of action of the plaintiff alleges that he was the own- er of and had a special property interest in a certain described motor truck, which ownership was by reason of a chattel mort- gage made by defendant to plaintiff to se- cure the payment of $722.88, in twelve in- stallments of $60.24 each, according to the tenor of a certain promissory note, dated June 15, 1929, written on the same sheet and made a part of said chattel mortgage; that said mortgage provided that if defend- ant defaulted in the payment of any part of said debt, the mortgagee is authorized at his option to declare the entire debt due, and sell the mortgaged property, and out of the proceeds retain the amount ow- ing on said debt, etc.; that defendant has made default in the payment of the amount due January 15, 1930, and all payments since said date, and there is due $361.55; that plaintiff elects to declare the whole debt of $361.55 due; that demand has been made for the possession of the motor truck for the purpose of selling same; that the value of said motor truck is $500, etc., and prays for the possession of said truck or its value.

The second cause of action declares on the promissory note of $722.88, payable in installments of $60.24 each, and alleges that the installments due January, February, March, April, and May are past due and unpaid; that according to the tenor of said note, plaintiff has declared all installments due, and that there is due the sum of $361 principal, and $5.50 interest, and an attor- ney's fee, and prays judgment for $366.94, and an attorney's fee of $75.

The third cause of action is one for the foreclosure of the chattel mortgage on the motor truck. Plaintiff sets out the execution of the mortgage given to secure the note declared on in cause of action No. 2, the default in the payment of the installments due, his election to declare the whole debt due because of the breach of the terms and conditions of the mortgage, and attaches a copy of the mortgage and note, and prays for a foreclosure of the mortgage and that said motor truck be sold and the proceeds applied to the payment of the costs, the payment of the note, etc.

Attached to the petition is a copy of the chattel mortgage on the motor truck, which in substance provides that D. F. Howard, the defendant, is indebted to the Brown Motor Company, the plaintiff, in the sum of $722.88, for the purchase of one Whippett truck; that to secure the payment of said amount, according to the terms and condi- tions of the promissory note, defendant does

grant, bargain, sell, assign and mortgage to plaintiff said motor truck; that if said defendant shall pay said mortgage according to the terms of said note, then said mortgage to be void; otherwise, to remain in full force and effect, but if default be made in the payment of any part of said debt, then the plaintiff, at his option, may declare the entire debt due, and enter upon the premises where said property may be found, and remove and sell the same at public or private sale, with or without notice, and out of the proceeds retain the amount owing on the debt, including costs, etc.; the defendant to pay any deficiency, if any.

An affidavit and bond in replevin was filed, summons and writ of replevin issued. Summons was indorsed "Suit for replevin of motor truck, foreclosure of chattel mortgage, and money judgment in the sum of $366.94, with interest from the 15th day of May, 1930, and $75 attorney's fee, and cost of the action." The sheriff's return on the writ of replevin showed that he executed the writ by taking possession of the motor truck, and that the defendant within 24 hours gave a redelivery bond and repossessed the property.

The defendant demurred to the petition on the ground that there was a misjoinder of causes of action, and that the petition did not state facts sufficient to constitute a cause of action. The demurrer being overruled, the defendant elected to stand on the petition, and the court, after hearing testimony as to the value of the truck, rendered judgment against the defendant for $366.94 and interest and $50 attorney fees; if defendant fail to satisfy the judgment, the sheriff levy on said motor truck, advertise and sell the same to satisfy said judgment; if the truck fail to bring enough to satisfy said judgment, execution issue for the residue.

The court in his finding of fact found that the value of the truck was $400; that the defendant was in possession of the truck, and that the plaintiff was entitled to the possession, but the judgment proper did not order, decree or adjudge that plaintiff have the possession; instead, it ordered that the sheriff levy on said truck, advertise, and sell the same.

The defendant's contention is that there is a misjoinder of causes of action in the petition in that an action for replevin could not be joined with an action for a money judgment on the note and an action for foreclosure of the chattel mortgage. Plain-

tiff relies on the case of Galbreath v. Mayo, 70 Okla. 252, 174 P. 517, and other cases which he cites in his brief. We have examined the cases cited, and find that those that touch on the question involved in this appeal were cases where a conditional sales contract was construed, and the court properly held that where the plaintiff had either of two inconsistent remedies, the election to pursue one remedy was a bar to a recovery under the other. In the Galbreath Case the conditions of the sales contract were that "upon default the defendant in error (mortgagee) may at its option, demand payment of the full amount, or retake possession of the property." The court in that case held that where the plaintiff brought an action for a money judgment for the amount due, such was an election of the vendor to make such conditional sales contract absolute, and operated to defeat the vendor's right to maintain an action of replevin for the possession of the property. Such is in effect the holding of the other cases cited by the defendant, but the case at bar is not a case of conditional sales contract, but is a case where a chattel mortgage was given to secure the payment of a promissory note, and instead of having the question of election of inconsistent remedies presented for decision, as was true in the Galbreath Case, supra, we have the question of the misjoinder of causes of action presented by defendant's demurrer to the petition of plaintiff.

1. A cause of action is a legal right in favor of the plaintiff, which has been violated by the defendant. In so far as a contract is concerned a cause of action arises in favor of the plaintiff because the defendant has breached the terms and conditions of the contract. A cause of action is the wrong or breach of a duty by the defendant. It is that which produces the necessity for the action. 1 C. J. 935-938, and notes, Abraham v. Homer, 102 Okla. 12, 226 P. 45.

2. The cause of action in the case at bar was the failure of the defendant to pay the installments when due under the terms and conditions of the note and mortgage. Upon the failure of the defendant to pay the installments when due, a cause of action arose in favor of the plaintiff for the breach of the contract to pay such installments. This being true, but one cause of action was stated in the petition, although the plaintiff has sought three remedies for the enforcement of his legal rights: First, in order to sell the property to pay the debt, replevin; second, a money judgment; and

third, a foreclosure of the mortgage. These remedies are not inconsistent remedies under the facts in the case at bar, but are cumulative, all having for their purpose the collection of the debt which the defendant failed to pay according to the terms and conditions of the note and mortgage.

3. The remedy which a plaintiff may seek to use to enforce his legal right for the breach of a contract by the defendant is no part of the cause of action. As we have seen, the cause of action is the thing which produced the necessity for the action, the action which was the cause for bringing the suit in a court of law or equity. The remedy is the means or procedure employed to enforce the right or redress the injury. The remedy or remedies which plaintiff may seek to use to enforce his rights under a contract to pay money and a mortgage given to secure the payment thereof, are no part of the cause of action. 1 C. J. 944, sec. 37; Mathews v. Sniggs, 75 Okla. 108, 182 P. 703.

4. Under our statute the distinction between actions at law and in equity is abolished, and a person may proceed so as to ask relief in equity or at law, and the fact that he tries to use a remedy or remedies to enforce his legal or equitable rights, which he is not entitled to use, should not defeat his right to the proper remedy where the remedies which he seeks to use are cumulative and not inconsistent with each other. The action of replevin in the case at bar was not based on a claim of absolute ownership of the property described in the petition, but the plaintiff sought to take possession of the property in order to sell it and apply the proceeds of the sale to the payment of his debt. At the same time he sought to obtain a money judgment so that he might get an execution and levy upon the personal and real property of the defendant, sell the same and apply the proceeds of the sale to the payment of his debt, both of which remedies were legal remedies, while the foreclosure which he sought was an equitable remedy. We fail to see where the defendant could be injured because the plaintiff attempted to use three remedies to collect his debt.

5. Conceding for the purpose of argument only that it was erroneous to seek, or attempt, to use three remedies to collect the amount due plaintiff, yet the judgment and decree of the district court should not be reversed unless there had been a miscarriage of justice or the violation of a constitutional or a statutory right of the defendant.

Section 3206, O. S. 1931, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

The facts stated in the petition are sufficient to constitute a cause of action in favor of the plaintiff and against the defendant to obtain redress for breach of the terms of the contract to pay the installments when due. The remedy being the object for which the cause of action was presented to the court, such remedy should be afforded the plaintiff as will give him proper relief for the breach of the contract. The court below rendered judgment against the defendant, D. F. Howard, for $366.94, with interest at the rate of 10 per cent. per annum from the 15th day of May, 1930, and for $50 attorney's fee, and all costs of the action, and a decree of foreclosure of chattel mortgage on the motor truck, and ordered a sale of the same after advertisement, the proceeds of the sale to be applied on the amount of the judgment. We think the plaintiff was entitled to use these remedies in order to afford him the relief for the cause of action stated in the petition, which was admitted to be the facts by defendant's demurrer to plaintiff's petition. The judgment of the district court should be affirmed, with directions to cause the note set out and described in the petition to be surrendered to the clerk of the court for cancellation.

Affirmed, with directions.

The Supreme Court acknowledges the aid of District Judge Geo. T. Arnett, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.