NATIONAL BANK OF TULSA, a National Banking Association, Appellee,

v.

OKLAHOMA STATE BANK OF VINITA, a corporation, Appellant.

No. 45506.

Supreme Court of Oklahoma.

June 18, 1974.

**1086**

Sanders, McElroy & Carpenter, by David H. Sanders and Tom Mason, Tulsa, for appellee.

Jack Rorschach, Vinita, Edgar Fenton, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for appellant.

BERRY, Justice:

National Bank of Tulsa [plaintiff bank] brought this action in the District Court of Tulsa County to obtain a judgment against Irene Conine on a $45,000 promissory note plus interest and attorney fees and to recover judgment against Oklahoma State Bank of Vinita [defendant bank] on a purported $50,000 certificate of deposit issued by defendant bank.

Plaintiff bank is engaged in the banking business in the City of Tulsa, Tulsa County, Oklahoma.

Defendant Conine is a resident of Craig County, Oklahoma. Defendant bank is engaged in the banking business in Vinita, Craig County, Oklahoma. Defendant bank allegedly issued the certificate of deposit to defendant Conine as payee in Craig County.

Defendant Conine, through her husband, obtained a $45,000 loan from plaintiff bank and as consideration for the loan executed a $45,000 note payable to plaintiff bank which was delivered to plaintiff in Tulsa County. Also, she endorsed the certificate of deposit and her husband delivered it to plaintiff bank as collateral for the loan.

The trial court granted plaintiff bank a default judgment against Irene Conine and granted summary judgment for plaintiff bank against defendant bank. Defendant bank appeals.

Defendant bank first contends venue was not proper as to it in Tulsa County and therefore the trial court did not acquire in personam jurisdiction over it.

In this regard summons was issued and served upon defendant bank and defendant Conine in Craig County, Oklahoma. Defendant bank filed a special appearance and objected to the jurisdiction of the Tulsa County District Court on the ground of improper venue. This objection was overruled.

If the action against defendant bank was rightly brought in Tulsa County, summons could issue to defendant bank in Craig County and the District Court of Tulsa could obtain jurisdiction over it. 12 O.S. 1971 § 154.

In Missouri, Kansas, Texas Railway Co. v. Coryell, Okl., 483 P.2d 1148, we held in paragraph 1 of the syllabus:

"Venue of actions against multiple joint defendants lies only in the county or counties meeting the requirements of all applicable specific venue statutes, so that only when such requirements have been met is the action 'rightly brought' as that term is used in 12 O.S.1961, § 154."

Plaintiff bank contends its petition alleged a single cause of action against defendant bank and defendant Conine. In this regard it contends a suit to recover upon a note and foreclose an interest in the collateral constitutes a single cause of action. In support of this contention it cites Howard v. Brown, 172 Okl. 308, 44 P.2d 959.

It then contends venue was proper in Tulsa County as to defendant Conine pursuant to the provisions of 12 O.S.Supp. 1965 §§ 142, 143 [since repealed]. These sections provided:

"§ 142. The venue of civil actions for the collection of an open account or for the collection of any negotiable instrument shall be, at the option of the plain-

tiff, or plaintiffs, in either of the following:

(a) in any county in which service of summons can be obtained upon the defendant or defendants as now provided by law; or

(b) in the county in which the debt was contracted or in which the negotiable instrument was given.

"§ 143. If the action be filed in the county in which the debt was contracted or in which the negotiable instrument was given, summons may issue to any other county in Oklahoma for service upon the defendant or defendants."

The note executed by defendant Conine was delivered to plaintiff bank in Tulsa County and the debt for which it was given was contracted in Tulsa County. Therefore, there is no contention the action against Irene Conine upon her note was not rightly brought in Tulsa County.

Sections 142 and 143, supra, do not establish venue in Tulsa County insofar as concerns plaintiff bank's action against defendant bank on the certificate of deposit because defendant bank did not contract a debt in Tulsa County and did not give a negotiable instrument in Tulsa County.

However, plaintiff bank contends 12 O. S.1971 § 134, which provides the venue of actions against corporations organized under the laws of this State, provides venue in Tulsa County for the action against defendant bank. In this regard plaintiff bank relies upon that portion of § 134, supra, which allows a domestic corporation to be sued:

" * * * in any county where a co-defendant of such corporation created by the laws of this state may properly be sued."

We conclude this contention is erroneous.

In Howard v. Brown, supra, the plaintiff alleged defendant breached the terms and conditions of a note and chattel mortgage. He requested replevin, a money judgment and foreclosure of the mortgage. There we held plaintiff alleged only one cause of action, the breach of the terms and conditions of the note and mortgage, and sought three remedies.

Here plaintiff bank has brought an action for money judgment upon the note given by defendant Conine. Defendant bank is not a party to or guarantor upon that note and could not be held liable thereon.

Plaintiff bank does not seek to foreclose defendant Conine's interest in the collateral [the certificate of deposit] as was the case in Howard v. Brown, supra, but is seeking to enforce the certificate of deposit against defendant bank.

Defendant bank's obligation under its certificate of deposit is independent, separate and distinct from any liability, or duty or obligation owed by defendant Conine to plaintiff bank under her note. We conclude plaintiff's petition alleges two separate causes of actions, one against defendant Conine on the note and one against defendant bank on the certificate of deposit.

12 O.S.1971 § 139, provides in part as follows:

" * * * actions against makers of notes, claims, or other indebtedness which have been assigned, sold or transferred by or from the original payee or obligee, which actions against such original maker of such notes, claims or indebtedness can only be brought in the county in which the said maker of such note, claim or indebtedness or some one of the original makers of such note, claim or indebtedness reside. * * *"

The action by plaintiff bank against defendant bank is an action against the maker of an indebtedness which has been assigned.

We have previously held the provisions of § 139, supra, providing venue for actions against the maker of an assigned indebtedness control over the provisions of § 134, supra, which provide venue for actions against domestic corporations.

In Hiner v. Hugh Breeding, Inc., Okl., 355 P.2d 549, plaintiff filed an action in Muskogee County to recover upon certain

accounts incurred by defendant in Muskogee County which had been assigned to plaintiff. Defendant, a corporation, was a "resident" of Tulsa County and summons was served upon it in Tulsa County. Plaintiff contended venue was proper in Muskogee County citing the provision of § 134, supra, which provides for venue against domestic corporations in the county where the cause of action or some part thereof arose, and other statutes. There we held § 139, supra, controlled over § 134 and the other statutes, stating:

"  *  *  *  said section specifically fixes venue of actions based upon assigned indebtedness by stating such actions 'can only' be brought in the county where the original maker  *  *  *  of the indebtedness resides. The words 'can only', as used here, are words of limitation and exclusion, that is: limiting venue to the described county and excluding other counties. The word 'only' is defined as: Alone in its class, sole, single, exclusive, solely, this and no other, nothing else or more.  *  *  *"

"We find nothing in the statute cited by plaintiff manifesting a plain and unequivocal intention to impair the venue specifically provided for actions on assigned indebtedness."

In Jones v. Brown, Okl., 516 P.2d 546, we stated with reference to § 139:

"The obvious purpose of this statute is to prevent fraudulent casting of venue by a payeee who resides in a different county than the maker of the indebtedness. The statute is designed to preclude the payee from fixing transfer of the note to another in the county where payee resides and having the transferee file suit in that county, alleging joint liability of the maker and payee.  *  *  *"

Therefore, regardless of whether defendant Conine and defendant bank were codefendants within the meaning of § 134, supra, we conclude the quoted portion of § 139, supra, is the specific venue statute applicable to plaintiff bank's cause of action against defendant bank to recover on the certificate of deposit. Section 139 provides the action can only be brought in the county in which the maker of the indebtedness resides.

19 C.J.S. Corporations § 1296, states:

"  *  *  *  when it is necessary to determine the venue of an action to which a corporation is a party by its residence, the county in which it has its principal place of business or its principal office is generally considered as its residence  *  *  *."

See also Hiner v. Hugh Breeding, Inc., supra.

Defendant bank's principal place of business was in Craig County, Oklahoma.

Since the requirements of the applicable specific venue statute, § 139, supra, have not been met, we conclude plaintiff bank's action to enforce the certificate of deposit against defendant bank was not rightly brought in Tulsa County. The portion of the trial court's judgment awarding plaintiff bank judgment against defendant bank on the certificate of deposit is reversed with directions to dismiss the action insofar as it seeks to enforce the certificate of deposit against defendant bank.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

HODGES, J., dissents.