**ASSOCIATES FINANCIAL SERVICES, INC., Appellee,**

v.

**Farris V. MILLSAP, a/k/a F. V. Millsap, Appellant.**

**No. 49941.**

Supreme Court of Oklahoma.

Sept. 13, 1977.

Rehearing Denied Nov. 2, 1977.

David A. Cheek, McKinney, Stringer & Webster, Oklahoma City, for appellee.

R. M. Helton, Helton & Douglas, Wichita Falls, Tex., for appellant.

DAVISON, Justice:

Associates Financial Services, Inc., holder of a note and security agreement executed by appellant, Frank V. Millsap, initiated a suit against Mr. Millsap, when he defaulted on the note. Associates Financial Services sought a money judgment in the amount due on the note at the time of default, and also sought to replevin a tractor in which Associates had perfected a security interest to secure payment of the note.

Associates' amended petition, after setting forth facts showing jurisdiction, standing, and execution of the installment contract and security agreement, provided in part:

"That since the 5th day of June, 1975, the defendant herein has failed, neglected and refused to make, tender or offer the installments due under the aforementioned retail installment contract; that the payment for June 5, 1975, is due and owing; that there is an unpaid balance of Five Thousand Six Hundred Twenty-Two Dollars Forty-Five Cents ($5,622.45) due

and owing; that said balance takes into consideration all just credits; that the plaintiff herein hereby elects to declare the entire principal of the retail installment contract immediately due and payable and has duly demanded defendant discharge his liability thereon by paying the sum of Five Thousand Six Hundred Twenty-two Dollars Forty-five Cents ($5,622.45) which demand has been wholly refused, thereby putting the defendant herein in default.

That the defendant herein is presently in possession of the following:

1968 White Freightliner Truck Tractor Serial Number CA213HL029636

in which the plaintiff has a perfected security interest to secure payment of the aforementioned retail installment contract; that plaintiff has a special ownership in and the right to the immediate possession of the property above described superior to that of the defendant; that the defendant herein has refused to permit the plaintiff to take peaceful possession of said property and unlawfully and wrongfully holds possession thereof; that the reasonable value of said property should be Five Thousand Dollars ($5,000).

That it has become necessary for the plaintiff herein to retain an attorney at law to prosecute and pursue its remedies and rights under the retail installment contract.

WHEREFORE, plaintiff herein, Associates Financial Services Company, Inc., prays judgment against the defendant in the sum of Five Thousand Six Hundred Twenty-two Dollars Forty-five Cents ($5,622.45), plus interest at 20.72 percent per annum from and after June 5, 1975, until fully paid and for an order of this court giving the plaintiff herein immediate possession of the abovementioned property, plus a money judgmnet for the reasonable attorney's fees and costs necessarily incurred by the plaintiff herein to pursue its remedies and rights under the retail installment contract and applicable laws; that the plaintiff be allowed at its option to make disposition of the security involved herein by either public or private sale and that the proceeds of such disposition be applied to the costs and attorney's fees first and then applied against the principal and interest owing, the balance to be at the direction of the court, and for all further relief which this court deems just and equitable."

The trial court proceeding initiated by Associates ultimately resulted in a verdict and judgment in favor of Associates. Throughout the various stages of the trial court proceeding, appellant Millsap objected to the venue of the action, and has perfected an appeal from the verdict and judgment of the trial court—the only issues appealed concern the question of venue.

Appellant Millsap argues that Associates' petition alleges two causes of action, an action for the collection of a note, and an action in replevin. Although appellant Millsap agrees that venue in the action on the note is proper, it being brought in the county where the debt was contracted, appellant Millsap asserts that the replevin action does not properly lie in Oklahoma County, as the chattel being replevined is not located in Oklahoma County, nor alleged to be located in Oklahoma County, where suit was brought. Based upon this argument, appellant Millsap argues that the trial court erred in refusing to dismiss the replevin action.

As appellant himself suggests, a threshold question which must be decided in order to answer the issues raised in this appeal, is: Did Associates' amended petition allege two separate causes of action? Appellant Millsap's objection to venue is predicated upon the premise that two separate and distinct causes of action were alleged. In *Howard v. Brown*, 172 Okl. 308, 44 P.2d 959, 962 (1935), this Court held:

"In so far as a contract is concerned, a cause of action arises in favor of the plaintiff because the defendant has breached the terms and conditions of the contract. A cause of action is the wrong or breach of a duty by the defendant. It is that which produces the necessity for the action. 1 C.J. 935–938 and notes;

*Abraham v. Homer*, 102 Okl. 12, 226 P. 45.

The cause of action in the case at bar was the failure of the defendant to pay the installments when due under the terms and conditions of the note and mortgage. Upon the failure of the defendant to pay the installments when due, a cause of action arose in favor of the plaintiff for the breach of the contract to pay such installments. This being true, but one cause of action was stated in the petition, although the plaintiff has sought three remedies for the enforcement of his legal rights: First, in order to sell the property to pay the debt, replevin; second, a money judgment; and, third, a foreclosure of the mortgage."

■ Applying the analysis adopted in *Howard,* supra, we hold that Associates plead but one cause of action in its petition, cause of action for the breach of a contract, based upon appellant Millsap's breach of his promise to make installment payments due under the note and security agreement. 12 O.S.1971 § 142 [1] provides that an action for the collection of any note or other instrument of indebtedness may be brought in the county in which the debt was contracted or in which the note or other instrument of indebtedness was given. As plaintiff below's action was brought in the county in which the debt sued upon was contracted, we hold that venue properly lay in Oklahoma County.

Accordingly, we affirm the judgment and verdict of the trial court.

Lastly, we consider appellee Finance Company's request for an award of attorney's *fee for the prosecution of this appeal.*[2] As the prevailing party in a suit on a note, appellee Finance Company is clearly entitled to be awarded a reasonable attorney's fee, under the provisions of 12 O.S.1971 § 936, which provides:

"In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

■ As prevailing party, appellee is entitled to a reasonable attorney's fee for all services of an attorney which were necessary in the defense of this appeal. It was clearly necessary that appellee defend against the appeal brought by the appellant. For this reason, we hold that appellee is entitled to be awarded a reasonable attorney's fee and find that the sum of $500.00 is a reasonable fee for services rendered in this appeal, such fee to be taxed and collected as costs.

AFFIRMED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

---

1. 12 O.S.1971 § 142 provides:

   "The venue of civil actions for the collection of an open account or for the collection of any note or other instrument of indebtedness shall be, at the option of the plaintiff or plaintiffs, in either of the following:

   (a) in any county in which venue may be properly laid as now provided by law; or

   (b) in the county in which the debt was contracted or in which the note or other instrument of indebtedness was given."

2. Appellee was awarded an attorney fee below. Such award did not, of course, include fees for the defense of this appeal.