Steven G. TODOROFF and Kathryn E.
Todoroff, Husband and Wife,
Appellants,

v.

Earl H. BURTON and Patricia Burton,
Husband and Wife, Appellees.

No. 61717.

Supreme Court of Oklahoma.

Sept. 18, 1985.

Rehearing Denied April 8, 1986.

James R. Gotwals & Associates by James
R. Gotwals and Thomas S. Evans, Tulsa,
for appellants.

Covington & Poe by James E. Poe, Tulsa,
for appellees.

LAVENDER, Justice.

The Todoroffs, as plaintiffs, initiated the
present action alleging that they were the
record owners of a certain tract of land in
Tulsa County, Oklahoma, and that posses-
sion of this land was being wrongfully
withheld by defendants, the Burtons. The
Todoroffs asked that title to the property
be quieted in them and that the Burtons be
required to remove their fence from the
property.

The Burtons answered, claiming title to
the property in question by virtue of ad-
verse possession in excess of fifteen years.
The Burtons also included a cross-petition
with their answer which requested that ti-
tle to the property be quieted in them.

The Burtons prevailed at trial and subse-
quently requested an award of attorney
fees in the action. As authority for re-
questing this award the Burtons cited 16

O.S. 1981 § 79 (providing for attorney fees for a prevailing plaintiff in a quiet title action to remove a cloud on the title arising from a notice filed under the Marketable Title Act when the trial court determines that such notice was filed for the purpose of slandering the plaintiff's title) and 12 O.S. 1981 § 1148.9 (which provides for attorney fees in actions for forcible entry and detainer.)

The trial court, without specifying the ground relied on, ruled that the Burtons were entitled to attorney fees and costs and entered an order to that effect. The Todoroffs appealed from this order.

This appeal was originally assigned to the Court of Appeals, Division 2. The Court of Appeals affirmed the trial court's order, finding that the action had been at least partially founded in forcible entry and detainer. We have previously granted the Todoroffs' petition for certiorari to review this decision.

It is apparent that the issue in the present case revolved around the disputed title claims made by the opposing parties. The Todoroffs claimed title and right of possession by virtue of a duly recorded deed. The Burtons made the same claim by virtue of their adverse possession of the property. This Court has previously stated that the legal sufficiency of a questioned title to real property cannot be determined in a forcible entry and detainer action.[1]

The action commenced by the Todoroffs, as brought by parties out of possession of property but claiming title and right of possession, was properly characterized in their brief on appeal as an action in ejectment.[2] Such an action is provided for by 12 O.S. 1981 § 1142.[3] In addition, both the Todoroffs in their petition and the Burtons by way of cross-petition, requested that title to the property be quieted in them.

An action to quiet title is brought under 12 O.S. 1981 § 1141.

 As recognized by the parties to this action, attorney fees are not recoverable by the prevailing party in Oklahoma, as a general rule, unless provided by statute or enforceable contract.[4] No contract is present. Neither 12 O.S. 1981 § 1141, nor § 1142 provides for recovery of attorney fees to the prevailing party. Neither do either of the statutes cited by the Burtons to the trial court in support of their motion for award of costs have any applicability to the issues in the case. Accordingly, the trial court was without authority to enter the award of attorney fees to the Burtons, and that award is hereby reversed and the opinion of the Court of Appeals affirming that award is vacated.

All the Justices concur.

---

1. *Ferguson v. District Court of Oklahoma County*, 544 P.2d 498, 499 (Okla.1975); *Warren v. Stansbury*, 199 Okla. 683, 189 P.2d 948, 950 (1948).

2. See *Sun Oil Co. v. Fleming*, 469 F.2d 211 (10th Cir.1972).

3. See *Warner v. Coleman*, 107 Okla. 292, 231 P. 1053 (1924).

4. *Garner v. City of Tulsa*, 651 P.2d 1325 (Okla. 1982).