B & P CONSTRUCTION COMPANY, A
Partnership, Appellee,

v.

Paul WELLS, d/b/a Paul Wells
Construction Company,
Appellant.

No. 62508.

Supreme Court of Oklahoma.

Feb. 23, 1988.

Douglas W. Sanders, Poteau, for appellant.

Harry Scoufos, Sallisaw, for appellee.

## MEMORANDUM OPINION

DOOLIN, Chief Justice.

The single issue presented on appeal is whether a party who prevails at trial and is statutorily entitled to an award of attorney fees is also entitled to recover attorney fees for prevailing on appeal. We answer affirmatively.

B & P Construction Company [B & P] brought an action in District Court to recover for goods and services provided under an oral contract to Paul Wells, d/b/a

Paul Wells Construction Company [Wells], and JOB Construction Company, Inc. [JOB]. JOB was the prime contractor for two State highway construction projects and Wells was the subcontractor who employed B & P by oral contract to do cement finishing work. B & P prevailed in a trial to the court and was awarded $1,967.88, plus interest and costs of the action.

Wells appealed on the grounds that the judgment was contrary to the evidence and was so oppressive, punitive, and unjust as to constitute an abuse of discretion. The case was assigned to the Court of Appeals, Division No. 2. In an unpublished Memorandum Opinion, the Court of Appeals affirmed the trial court's decision. The Court of Appeals, however, *sua sponte* required each party to pay its own attorney's fee, and costs were divided equally between the parties. B & P unsuccessfully sought a rehearing on the issue of attorney fees and costs on appeal and petitioned this Court for a Writ of Certiorari, which we granted.

■ We begin by observing that Oklahoma follows the "American rule" that each party should bear the costs of his or her own legal representation in the absence of statute or specific contractual authority.[1] The American rule does not serve as an absolute bar to the award of attorney fees, however, if the court finds the opponent acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or if the successful litigant has conferred a substantial benefit on a class of persons.[2] In the latter circumstances, the court may exercise its equitable powers and award attorney fees, but such exercise of equitable power must be used with discretion.[3]

Title 12 O.S.1981, § 936, provides that the prevailing party in a civil action to recover under a contract for the sale of goods or for labor and services "*shall* be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." (Emphasis added.) Section 936 applies equally to oral and written contracts.[4] Here, B & P prevailed at trial on an oral contract to provide goods and services and is entitled to its reasonable attorney fees.

■ The question, then, is whether B & P is equally entitled to its attorney's fee and costs for prevailing on appeal. In *Hamilton v. Telex Corp.*, 625 P.2d 106, 108–09 (Okl.1981), we found that the party who prevails at trial and is entitled under Section 936 to an award of attorney fees is also entitled to recover attorney fees incurred in successfully defending on appeal.[5] To do otherwise would defeat the purpose of Section 936 in making the prevailing party whole for all expenses incurred in asserting contractual rights. This principle is especially important where, as here, the judgment awarded is small in comparison with the potential cost of defending on appeal. Failing to award attorney fees for successfully defending on appeal in the instant case would result in a hollow victory, because the costs of appealing would soon gobble up the judgment awarded at trial.

We remand the question to the trial court for a determination of the amount of attorney fees due to B & P for prevailing at trial and on appeal. The district court is instructed to apply the guidelines established in *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 662 (Okl. 1979), in determining the reasonable value of the legal services. The trial court should specify the facts and computations used to support the award. *Id.* at 663.

---

1. *City National Bank & Trust Co. v. Owens*, 565 P.2d 4, 7 (Okl.1977). *See also Wieland v. Danner Auto Supply, Inc.*, 695 P.2d 1332, 1333 (Okl. 1984); *Oklahoma Publishing Co. v. Miskovsky*, 654 P.2d 596, 599 (Okl.1982).

2. *City National Bank & Trust Co., supra* note 1 at 7 and *Oklahoma Publishing Co.* at 599–600.

3. *Matter of Estate of Katschor*, 637 P.2d 855, 857 (Okl.1982).

4. *Wieland, supra* note 1 at 1333.

5. *See also Osburn v. Bendix Home Systems, Inc.*, 613 P.2d 445, 452 (Okl.1980); *Associates Financial Services, Inc. v. Millsap*, 570 P.2d 323, 326 (Okl.1977); *E.V. Cox Construction Co. v. Brookline Associates*, 604 P.2d 867, 873 (Okl.Ct.App. 1979).

That portion of the Memorandum Opinion of the Court of Appeals, Division No. 2, concerning award of attorney fees on appeal is VACATED. The question of the amount of reasonable attorney fees incurred at trial and on appeal by B & P is remanded to the trial court for determination. B & P is statutorily entitled to all its attorney fees in the amount to be determined by the trial court.

AFFIRMED.

HARGRAVE, V.C.J., and LAVENDER, SIMMS, OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.