Steve WALDEN and Tammy
Walden, Appellants,

v.

Danny HUGHES, Melissa Hughes, Larry
Page, Sherrill Page, Raymond Seay,
Katherine Seay, Kenneth Seay, and the
Board of County Commissioners of
Muskogee County, Oklahoma, Appel-
lees.

No. 70832.

Supreme Court of Oklahoma.

Oct. 9, 1990.

Wilcoxen and Wilcoxen by Andrew C.
Wilcoxen, Muskogee, for appellants.

Jones & Miller by Gerald R. Miller, Mus-
kogee, for appellees Larry Page and Sher-
rill Page.

HODGES, Justice.

This action was brought to quiet title to
an easement and to enjoin the defendants
from interfering with the plaintiff's use
and enjoyment of the easement. The trial
court found in favor of the defendants.
The Court of Appeals vacated the trial
court's judgment, granted the requested
easement, and awarded the plaintiffs costs
and attorney fees against the defendants
Danny and Melissa Hughes and Larry and
Sherrill Page. It was not until after the
Court of Appeals filed its opinion that the
Pages responded in any way to the Petition
or any other papers filed in this case. The
Pages then petitioned the Court of Appeals
to rehear the case. When rehearing was
denied, the Pages filed a Petition for Cer-
tiorari covering only the award of attorney
fees.

Oklahoma follows the general
rule that attorney fees are generally not
recoverable unless so provided by statute
or enforceable contract. *See Todoroff v.
Burton,* 719 P.2d 456, 457 (Okla.1986).
The present action is one to quiet title and
for injunctive relief. There is no contract;
likewise there is no statute which provides
for the award of attorney fees in a case
such as this.

This court, creating an exception to the
general rule, has held that a court has the
equitable power to award attorney fees in
cases where "an opponent has acted in bad
faith, vexatiously, wantonly or for oppres-
sive reason." *In re Estate of Katschor,*

637 P.2d 855, 856 (Okla.1982). The defendants in the present case were not acting in bad faith, vexatiously, or oppressively. The Court of Appeals had no authority to award attorney fees under its equitable power.

A related doctrine is the "equitable fund doctrine," also known as the "trust fund doctrine." *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 660 (Okla. 1979). "This doctrine declares that when an individual, through his efforts succeeds in creating or preserving a fund, then such individual is entitled to invoke the equitable powers of the Court and have his fees paid from the fund." *Id.* The "equitable fund doctrine" is not applicable in the present case because no fund is involved.

We have consistently held that in actions to quiet title and for injunctive relief the prevailing party is not entitled to attorney fees. In *Todoroff v. Burton*, 719 P.2d at 456, the plaintiff brought a quiet title action and asked for injunctive relief. The defendant filed a cross-petition. The trial court quieted title in the defendant and awarded the defendant attorney fees. This Court held that the trial court had no authority to award attorney fees to the defendant as prevailing party.

The present case does not fall within any of the exceptions, and attorneys fees are not recoverable. The Court of Appeals was without authority in the present case to award attorney fees to the plaintiff. The Court of Appeals award of attorney fees against the Pages is hereby vacated.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS AWARD OF ATTORNEY FEES VACATED; COURT OF APPEALS' OPINION WITHDRAWN FROM PUBLICATION.

All the Justices concur.