**David W. ROUT, Appellant,**

v.

**CRESCENT PUBLIC WORKS AUTHORITY, Appellee.**

No. 78903.

Supreme Court of Oklahoma.

July 12, 1994.

---

Bruce MacDougall, Oklahoma City, for appellant.

R. Thomas Lay, Oklahoma City, for appellee.

KAUGER, Justice:

The first impression question presented is whether the trial court erred in awarding attorney's fees and costs to a political subdivision which prevailed on a motion for summary judgment in an action brought pursuant to the Governmental Tort Claims Act

(the Act), 51 O.S.1991 § 151 et seq.[1] Attorney fee awards are restricted to statutes specifically providing for recovery of attorney's fees. We find that 12 O.S.1991 § 940[2] provides for attorney's fees in civil actions to recover damages for the negligent or willful injury to property. Attorney's fees and costs were properly awarded to a political subdivision which prevailed on a motion for summary judgment in an action brought pursuant to the Governmental Tort Claims Act.

## FACTS

Crescent Public Works Authority (Crescent) built a sewage plant in Logan County, Oklahoma. On August 24, 1990, David W. Rout (Rout) sued Crescent and three of its sub-contractors alleging that they negligently and willfully damaged his property by improperly locating, designing, constructing and maintaining the sewage plant. In his petition, Rout alleged physical damage to his property that included erosion, loss of trees, loss of crops and loss of rental value. Crescent denied the allegations arguing that: 1) Rout failed to comply with the Governmental Tort Claims Act, (the Act) 51 O.S.1991 § 151 et seq.; and 2) because Rout failed to comply

with the Act, the claim was barred by the statute of limitations and sovereign immunity. Crescent moved for summary judgment. On May 9, 1991, the trial court entered summary judgment for Crescent.[3]

On June 11, 1991, Crescent moved for attorney's fees and costs arguing that pursuant to 12 O.S.1991 § 940,[4] it was a prevailing party and thus entitled to recover costs and attorney's fees incurred in defending the suit. Rout countered in his response to the motion for attorney's fees and costs that liability under the Act is exclusive; that the Act does not provide for recovery of costs or attorney's fees; and that § 940 is not applicable when an action is brought pursuant to the Act.

The trial court awarded Crescent costs and attorney's fees pursuant to 12 O.S.1991 § 940.[5] Rout appealed and the Court of Appeals held that because the express language of the Act does not prevent attorney's fees and costs from being awarded in a case where a fee award is otherwise authorized by statute, § 940 is applicable. We granted certiorari on September 13, 1993, to address the question of first impression.

1. Prior to 1985 the Act was entitled the Political Subdivision Tort Claims Act. The Act was amended in 1984, eff, Oct. 1, 1985 to read the Governmental Tort Claims Act. Because relevant portions of the Act have remained unaltered by amendment since 1990, references are to the current statute.

Title 51 O.S.1991 § 152.1 provides:
"A. The State of Oklahoma does hereby adopt the doctrine of sovereign immunity. The state, its political subdivisions, and all of their employees acting within the scope of their employment, ... shall be immune from liability for torts.
B. The state, only to the extent and in the manner provided in this act, waives its immunity and that of its political subdivisions...."
Title 51 O.S.1991 § 153 provides:
"A. The state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in this act and only where the state or political subdivision, if a private person or entity, would be liable for money damages under the laws of this state....
B. The liability of the state or political subdivision under this act shall be exclusive and in place of all other liability of the state, a politi-

cal subdivision or employee at common law or otherwise."

2. Title 12 O.S.1991 § 940 provides in pertinent part:
"A. In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action."
Because § 940 has remained unaltered by amendment since enactment in 1979, references are the current statute.

3. The motion for summary judgment and the arguments made in support of the motion were not made part of the record and the trial court's order granting summary judgment does not indicate the actual reason for granting the motion. However, Rout, in his brief, states that Crescent was exempt from liability under the Act.

4. Title 12 O.S.1991 § 940, see note 2, supra.

5. Title 12 O.S.1991 § 940, see note 2, supra. On December 13, 1991, the trial court awarded $10,-431.25 plus interest in attorney's fees and $1,885.39 plus interest in court costs to Crescent.

ATTORNEY FEE AWARDS ARE RESTRICTED TO STATUTES SPECIFICALLY PROVIDING FOR RECOVERY OF ATTORNEY'S FEES. 12 O.S.1991 § 940 PROVIDES FOR ATTORNEY'S FEES IN CIVIL ACTIONS TO RECOVER DAMAGES FOR THE NEGLIGENT OR WILLFUL INJURY TO PROPERTY. ATTORNEY'S FEES AND COSTS WERE PROPERLY AWARDED TO A POLITICAL SUBDIVISION WHICH PREVAILED ON A MOTION FOR SUMMARY JUDGMENT IN AN ACTION BROUGHT PURSUANT TO THE GOVERNMENTAL TORT CLAIMS ACT.

Rout asserts that although his claim against Crescent is the kind of claim for which 12 O.S.1991 § 940[6] allows recovery, he was required to pursue his cause of action under the confines of the Governmental Tort Claims Act.[7] **Rout does not allege any error concerning Crescent's status as a political subdivision, the amount of the fee award, or the grant of summary judgment.** He insists that because the Act does not expressly provide for attorney's fees and costs, the award was improper. Crescent argues that the Act's silence on the subject of attorney's fees does not prevent either party from recovering costs and attorney's fees as a prevailing party.

Rout finds support in 51 O.S.1991 § 154[8] which limits a political subdivision's liability but does not specifically provide for attorney's fees and costs. He relies on *McCracken v. City of Lawton*, 648 P.2d 18, 20 (Okla. 1982), for the propositions that: 1) specific statutory exclusions within the Act exempt a political subdivision from attorney's fees available in a general statute; and 2) a private person who prevails against a political subdivision would not be entitled to attorney's fees and cost. Rout's reliance on the case for the proposition that had he prevailed against Crescent, he would not be entitled to attorney's fees and costs is misplaced. *McCracken* does not stand for such a broad exposition of the law.

*McCracken* involved a class-action suit brought by business owners and operators against the city of Lawton challenging the validity of a zoning ordinance. The trial court certified the class and awarded the plaintiffs attorney's fees. This Court did not hold in *McCracken*, that the Governmental Tort Claims Act prohibited an attorney's fees award where a political subdivision is not immune from a claim for monetary relief. Instead, we held that: 1) the Act specifically granted immunity to the political subdivision for any loss resulting from its legislative function; 2) although the suit in *McCracken* was for a declaratory judgment rather than in tort for money judgment, the thrust of the suit was to secure relief for a legislative measure; and 3) the Act barred recovery of attorney's fees from the city where the city was immune from liability.

■■■ In *McCracken*, the political subdivision was immune from a suit for monetary recovery because the suit was to challenge the city's exercise of its legislative function.[9] *McCracken* does not support appellant's

6. Title 12 O.S.1991 § 940, see note 2, supra.

7. Title 51 O.S.1991 §§ 152.1 and 153, see note 1, supra.

8. Title 51 O.S.1991 § 154 provides in pertinent part:

"A. The total liability of the state and its political subdivisions on claims within the scope of this act, Section 151 et seq. of this title, arising out of an accident or occurrence happening after the effective date of this act, Section 151 et seq. of this title, shall not exceed:
1. Twenty-five Thousand Dollars ($25,000.00) for any claim or to any claimant who has more than one claim for loss of property arising out of a single act, accident, occurrence;

2. One Hundred Thousand Dollars ($100,000.00) to any claimant for his claim for any other loss arising out of a single act, accident, or occurrence....
3. One Million Dollars ($1,000,000.00) for any number of claims arising out of a single occurrence or accident.
B. No award for damages in any action or any claim against the state or a political subdivision shall include punitive or exemplary damages...."

9. In *Allen v. Retirement Sys. for Just. & J.* 769 P.2d 1302, 1309 (Okla.1988), we held that where the government is immune from damages incurred in the exercise of its adjudicative capacity, immunity barred recovery of attorney's fees on appeal.

proposition that had Rout prevailed he would not have been able to collect attorney's fees and costs from Crescent.[10] We agree with Rout concerning the general rules that the Act is the exclusive remedy for an injured plaintiff to recover against a governmental entity for its negligence [11] and that limitations within the Act control over general statutory law.[12] However, the Act is silent regarding attorney's fees and costs,[13] and it does not speak to an award of fees to either party.[14] The Act does, however, in Subsection 164 provide:

"The laws and statutes of the State of Oklahoma and the Rules of Civil Procedure, as promulgated and adopted by the Supreme Court of Oklahoma insofar as applicable and to the extent that such rules are not inconsistent with the provisions of this act, shall apply to and govern all actions brought under the provisions of this act."

Costs are statutory expenses or fees incurred by a party to an action.[15] There is no common-law right permitting recovery of expenses of litigation. If any right exists, it must be statutory.[16] Costs generally do not include attorney's fees.[17] Attorney's fees, under the American rule, are not recoverable unless specifically allowed by statute or provided by contract.[18] Title 12

10. Presumably, had Rout prevailed against the motion for summary judgment, he would have been able to proceed in his action against Crescent. This Court has not previously addressed the issue of whether a private party who brings a tort action pursuant to the Act and succeeds may recover attorney's fees and costs against a political subdivision. Nor have we addressed the issue of whether a private party who brings a tort action against a political subdivision and loses may be liable for attorney's fees and costs. In *Womack v. City of Oklahoma City*, 726 P.2d 1178, 1180–81 (Okla.1986), we held that where a city was not protected by immunity provisions of the Act it could be liable for costs and attorney's fees under a replevin statute that authorized such an award. Other cases that did not involve the Act indicate that a political subdivision could be liable for fees where they are not immunized from liability. *Cook v. Oklahoma Bd. of Public Affairs*, 736 P.2d 140, 154 (Okla.1987) (Attorney's fees where partially awarded against the State pursuant to an award for labor and services rendered by a private individual.); *Garner v. City of Tulsa*, 651 P.2d 1325, 1329–30 (Okla.1982) (Where fees were not assessed against a city, but only because there was no applicable statute or contract and no evidence was presented that the city acted in bad faith or vexatiously.). The Act itself, although not expressly providing or disallowing attorney's fees and costs, implies that in some circumstances they may be paid by a political subdivision, see discussion, note 13, infra.

11. *Fuller v. Odom*, 741 P.2d 449, 451–53 (Okla. 1987).

12. *Fuller v. Odom*, see note 11 at 451, supra; *Hamilton v. Vaden*, 721 P.2d 412, 419 (Okla. 1986); *Conway v. Ohio Casualty Ins. Co.*, 669 P.2d 766, 768 (Okla.1983); *Johns v. Wynnewood School Bd. of Educ.*, 656 P.2d 248, 258–50 (Okla. 1982); *Graves v. Rose*, 663 P.2d 733, 735 (Okla. 1983); *McCracken v. City of Lawton*, 648 P.2d 18, 20 (Okla.1982).

13. The Act is not wholly devoid of any discussion of fees or costs. Title 51 O.S.1991 § 160 allows a political subdivision to recover from an employee any payments made by it for costs or fees made on behalf of an employee's defense if the employee acted outside the scope of his employment or if the employee fails to cooperate in good faith with the defense of a claim. Title 51 O.S.1991 § 162 provides that the political subdivision will pay for any costs or fees for a violation of property rights by an employee which occur while acting within the scope of employment, unless such costs or fees are covered by an applicable policy or contract of insurance.

14. Title 12 O.S.1991 § 941 provides when the state originates a suit in a civil action against a private defendant, the trial court may assess witness fees and reasonable attorney's fees against the state if the suit is brought without reasonable basis or is frivolous. Rout argues that the proximity of § 940 and § 941 suggests that had the Legislature intended for a political subdivision to obtain attorney's fees under the Act, it would have included that language in § 940. This argument is unpersuasive because the Legislature could just have easily included language in § 940 specifically excluding a political subdivision, but it did not.

15. *McAlester Urban Renewal Authority v. Hamilton*, 521 P.2d 823, 825 (Okla.1974); *Hoffman v. Morgan*, 206 Okla. 567, 245 P.2d 67, 70 (1952).

16. *Oklahoma City Urban Renewal Authority v. Lindauer*, 534 P.2d 682, 685 (Okla.1975); *Sarkeys v. Haas*, 402 P.2d 894, 900 (Okla.1965); *Kerr v. United Collection Service*, 267 P.2d 611, 612 (Okla.1954).

17. *Hicks v. Lloyd's General Ins. Agency*, 763 P.2d 85, 86 (Okla.1988).

18. *Walden v. Hughes*, 799 P.2d 619 (Okla.1990); *Hall v. Edge*, 782 P.2d 122, 129 (Okla.1989);

O.S.1991 § 940 [19] expressly provides for attorney's fees and costs to a prevailing party in an action for negligent an willful damage to real property.[20] Here, Crescent prevailed on a motion for summary judgment to an action for willful damage to real property.[21] There is nothing in the Act which suggests that had Rout prevailed and Crescent were not immune from liability, Rout would not have been able to collect attorney's fees and costs from Crescent.

■ The determination of legislative intent controls statutory interpretation.[22] The intent is ascertained from the whole act in light of its general purpose and objective.[23] However, it is unnecessary to apply the rules of construction if the legislative will is clearly expressed.[24] The Legislature in clear, explicit, and mandatory language incorporates the laws and statutes of the State of Oklahoma into the Governmental Tort Claims Act, unless they are inconsistent with provisions of the Act. The fact that there are no specific provisions within the Act for attorney's fees and costs and 12 O.S.1991 § 940 [25] specifically authorizes attorney's fees and costs in actions such as this, does not create an inconsistency between the two statutes. Had the Legislature intended to exclude an award of attorney's fees under the Act, it could have done so as it did for punitive or exemplary damages.[26] Attorney fee awards are restricted to statutes specifically providing for recovery of attorney's fees. 12 O.S. 1991 § 940 provides for attorney's fees in civil actions to recover damages for the negligent or willful damage to property. Accordingly, the trial court properly awarded attorney's fees to Crescent as the prevailing party.

## CONCLUSION

Attorney's fees are not recoverable unless provided by statute or enforceable contract.[27] Title 12 O.S.1991 § 940 [28] expressly provides for attorney's fees and costs to a prevailing

*B. & P. Const. Co. v. Wells,* 759 P.2d 208, 209 (Okla.1988). There are exceptions to the general rule, for example where an opponent has acted in bad faith, vexatiously, wantonly or for oppressive reasons, which are not present here. *City Nat'l Bank & Trust Co. v. Owens,* 565 P.2d 4, 7–8 (Okla.1977).

19. Title 12 O.S.1991 § 940 see note 2, supra.

20. The action must be for negligent or willful physical injury to property. *Woods Petroleum v. Delhi Gas Pipeline Corp.,* 700 P.2d 1011, 1013 (Okla.1984). A prevailing party under § 940 is a party for whom the judgment is rendered. *Underwriters at Lloyd's v. N. Am. Van Lines,* 829 P.2d 978, 981 (Okla.1992).

21. If a private individual prevailed over a political subdivision, recovery of any monetary damages may be affected by Title 51 O.S.1991 § 155 which provides a list of thirty carefully enumerated exemptions excluding the state or a political subdivision from liability. As noted earlier, in *McCracken v. City of Lawton,* 648 P.2d 18, 20–21 (Okla.1982) and *Allen v. Retirement Sys. for Just. & J.,* 769 P.2d 1302, private individuals were barred from recovery of attorney's fees from the cities acting in a capacity enumerated under the Act's exclusions. We note that under the facts presented, the actual reason for summary judgment is not included in the record, but was apparently granted because Crescent was exempt from liability under the act, see discussion note 3, supra. Rout argues that § 940 should not be applicable to the Act because an individual may not obtain attorney's fees and costs against a political subdivision in some circumstances due to the exclusivity of liability; and that there is no limit to a private individual's liability whereas a political subdivision's liability is limited by the Act. This result is not inconsistent with the Act because the Act itself creates such a situation. The Act adopts the doctrine of sovereign immunity, allows liability only under certain circumstances, and then limits the total amount of liability. Title 51 O.S.1991 §§ 152.1, 153, and 154, see notes 1 and 8, supra.

22. *Smicklas v. Spitz,* 846 P.2d 362, 366 (Okla. 1992); *Clifton v. Clifton,* 801 P.2d 693, 696 (Okla.1990); *Fuller v. Odom,* see note 11, 741 P.2d at 452, supra.

23. *Oglesby v. Liberty Mut. Ins. Co.,* 832 P.2d 834, 839 (Okla.1992); *Smicklas v. Spitz,* see note 22 846 P.2d at 366, supra.

24. *Copeland v. Stone,* 842 P.2d 754, 756 (Okla. 1992); *State ex. rel. Macy v. Freeman,* 814 P.2d 147, 153 (Okla.1991).

25. Title 12 O.S.1991 § 940, see note 2, supra.

26. Title 51 O.S.1991 § 154, see note 8, supra.

27. *Walden v. Hughes,* see note 18 799 P.2d at 619, supra; *Hall v. Edge,* see note 18 782 P.2d at 129, supra; *B. & P. Const. Co. v. Wells,* see note 18 759 P.2d at 209, supra.

28. Title 12 O.S.1991 § 940, see note 2, supra.

party in an action for negligent an wilful damage to real property. The Governmental Tort Claims Act specifically incorporates the statutes of Oklahoma not inconsistent with the Act.[29] The fact that there are no specific provisions within the Act for attorney's fees and costs and § 940 specifically authorizes attorney's fees and costs in actions such as this, does not create an inconsistency between the two statutes. Attorney fee awards are restricted to statutes specifically providing for recovery of attorney's fees. 12 O.S. 1991 § 940 provides for attorney's fees in civil actions to recover for the negligent or willful injury to property. Attorney's fees and costs were properly awarded to a political subdivision which prevailed on a motion for summary judgment in an action brought pursuant to the Governmental Tort Claims Act.[30]

**CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT AFFIRMED.**

LAVENDER, V.C.J., and SIMMS, HARGRAVE, OPALA, and SUMMERS, JJ., concur.

HODGES, C.J., and ALMA WILSON and WATT, JJ., dissent.

ALMA WILSON, Justice, dissenting:

The district court awarded an attorney fee and court costs in the amount of $12,316.64, plus interest. This fee is for defense of the Crescent Public Works Authority through summary judgment, which appears to be an excessive amount. But of greater importance, today's affirmance of prevailing party attorney fees in this governmental tort claim action is certain to create disparate treatment of litigants. Accordingly, I must respectfully dissent.

As noted by the majority opinion, the Governmental Tort Claims Act, 51 O.S.1991, §§ 151, et seq., provides maximum amounts of **total liability** of the state and its political subdivisions. The ordinary meaning of **total**

**liability** would include prevailing party attorney fees and costs as well as proven damages. Because of the statutory limits on recovery, plaintiffs who have suffered serious loss to property or to person or personal rights caused by tortious governmental acts may not be fully compensated in monetary damages. That is, the seriously injured plaintiffs can not recover their proven damages which exceed the statutory liability limit and, even though prevailing parties, they will never be entitled to an award of attorney fees.

---

**29.** Title 51 O.S.1991 § 164, see discussion page 1049, supra.

**30.** We need not decide in this case whether an award of attorney's fees and costs under 12 O.S.

1991 § 940, see note 2, supra, constitutes a recovery subject to the monetary limits of the Governmental Tort Claims Act, 51 O.S.1991 § 154, see note 8, supra.