1999 OK CIV APP 123

**Randal Cleeta John ROGERS,**
**Plaintiff/Appellee,**

v.

**Rebekah Susan ROGERS, now**
**Coyne, Defendant,**

v.

**Rachael Mary Kathryn Rogers, now Rachael Shelton, by and through her Guardian Ad Litem, Michael Mullins, Intervenor/Appellant.**

**No. 91,596.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

Sept. 10, 1999.

---

Jon L. Hester, Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Warner E. Lovell, Jr., Abel, Musser, Sokolosky, Mares & Kouri, Oklahoma City, Oklahoma, for Intervenor/Appellant.

OPINION

ADAMS, Judge.

¶1 Rachael Shelton appeals a trial court order denying her request that Randal Cleeta John Rogers pay all or a part of her attorney fees expended in establishing that Rogers was not her biological father. The trial court denied that request after determining that there was no statutory authority for an award of such fees under the circumstances of this case.[1] We affirm.

¶2 Shelton was born several months after her mother, Defendant Rebekah Susan Coyne, married Rogers. When Rogers and Coyne divorced, the decree recited that Shelton was a child of that marriage and determined custody, visitation and child support. Apparently, the post-decree period has been marked by continued disputes regarding those issues. It was in the middle of one of those disputes that had made its way to the halls of the Oklahoma County courthouse, that Shelton intervened in the divorce case and filed a "Motion for Summary Judgment to Terminate Parental Rights" (the motion).

¶3 After some dispute concerning whether Rogers could now be determined not to be

---

1. The trial court adopted the language urged by Rogers and concluded it lacked "subject matter jurisdiction" to award such fees. We have seen no authority that such an award, even if made erroneously, would have been void. The distinction between an erroneous ruling and one made without "subject matter jurisdiction" is significant in the abstract. However, as applied to this case, it is of little significance because it is clear the trial court viewed the law as allowing no discretion to make the fee award requested by Shelton.

Shelton's father, the trial court entered an order finding that Rogers was not Shelton's natural father. In a subsequent order, the trial court determined Shelton was free to pursue an paternity action against the man believed to be her natural father, if necessary.[2] Rogers did not appeal the order granting Shelton's motion, and it is now final. This appeal involves only the question of whether Rogers may be required to pay Shelton's attorney fees.

¶ 4 As noted in *Walden v. Hughes*, 1990 OK 105, ¶ 2–3, 799 P.2d 619, "Oklahoma follows the general rule that attorney fees are generally not recoverable unless so provided by statute or enforceable contract ... This court, creating an exception to the general rule, has held that a court has the equitable power to award attorney fees in cases where 'an opponent has acted in bad faith, vexatiously, wantonly or for oppressive reason.'" (Citations omitted.) This equitable exception was first recognized in *City National Bank & Trust Company v. Owens*, 1977 OK 86, 565 P.2d 4. However, Shelton does not rely on *City National* or its progeny but bases her attorney claim on the provisions of 10 O.S. 1991 § 89.3 and 43 O.S.Supp.1992 § 110(C) and (D).

### 10 O.S.1991 § 89.3

 ¶ 5 As it existed at the time Shelton filed the motion, § 89.3 provided: "In an action to determine paternity brought pursuant to Section 89 of Title 10 of the Oklahoma Statutes, the prevailing party shall be allowed reasonable costs and attorney fees to be set by the court."[3] Rogers contends this section is limited to actions brought to affirmatively establish the identity of the father and does not include proceedings such as the motion where the goal is to establish who is not the father.

¶ 6 Section 89.3 is part of a series of sections pertaining to paternity actions, 10 O.S.1991 §§ 89–89.3, and all of those provisions, read together as we must under *McNeill v. City of Tulsa*, 1998 OK 2, 953 P.2d 329, evidence a legislative intent that they be actions to positively establish paternity in some male. Section 89(A) allows the enumerated persons, including the guardian or custodian of a child to "bring an action ... to determine paternity *and the amount of child support due and owing for the maintenance of the child*" (emphasis added). Section 89.1 allows the joinder of "all persons who have had sexual intercourse with a woman during the possible time of conception of *a child for whom paternity is not determined*" (emphasis added). These provisions are inconsistent with the interpretation urged by Shelton, *i.e.*, a quest for a finding that Rogers was *not* Shelton's natural father was an "action to determine paternity."

¶ 7 The trial court made no binding determination of the identity of Shelton's natural father, and the record does not reflect Shelton joined that individual as a party in order to obtain such an order.[4] Shelton's action was to terminate the parental rights accorded to Rogers by reason of the divorce decree, and § 89.3 did not authorize an attorney fee award.

### 43 O.S.SUPP.1992 § 110(C) and (D)

 ¶ 8 Shelton argues the trial court had the discretion under subsections (C) and (D) of § 110 to award her attorney fees and costs against Rogers. Subsection (C) provides the trial court with authority, when granting a decree of divorce or separate maintenance, to "require *either* party to pay such reasonable expenses *of the other* as may

---

2. This individual had acknowledged his paternity in writing, but was not a party to this action.

3. Approximately 6 weeks after Shelton filed her motion, an amendment to § 89.3 became effective and provided, in pertinent part, that in such cases "the court may award and tax fees and costs, and apportion them between the parties as in actions for dissolution, legal separation, or annulment." 43 O.S.Supp.1997 § 89.3. We do not consider whether the amended version applied to the motion because none of the parties

argued its application in the trial court, and the trial court clearly based its decision on the conclusion that it could not legally award attorney fees to Shelton.

4. The trial court did make a "finding" that Shelton's natural father was the individual she claimed to be her natural father. However, he was not a party to this action and never appeared. Any such "finding" would not bind him.

be just and proper under the circumstances." (Emphasis added). Subsection (D) provides for similar authority in subsequent actions "brought by the parties or their attorneys ... made for the benefit of *either* party or their respective attorneys." (Emphasis added). Because she was made a party to this case as an intervenor, Shelton contends she falls within these provisions. Citing the emphasized language, Rogers argues these provisions contemplate only two parties, the divorcing husband and wife.

¶9 Our resolution of this dispute must be found in the language of these subsections. The governing principle in statutory construction is legislative intent. *City of Chandler v. State ex rel. Department of Human Services,* 1992 OK 137, 839 P.2d 1352. Words or phrases are to be understood in the context of all of the statute. *Matter of Estate of Little Bear,* 1995 OK 134, 909 P.2d 42. Statutory construction is not necessary if the legislative intent is clearly expressed, *Matter of Estate of Flowers,* 1993 OK 19, 848 P.2d 1146. If legislative intent is clearly expressed, the ordinary meaning of the statutory language will control, *Oklahoma Association for Equitable Taxation v. City of Oklahoma City,* 1995 OK 62, 901 P.2d 800, *cert. denied,* 516 U.S. 1029, 116 S.Ct. 674, 133 L.Ed.2d 523.

¶10 We find such clarity in the provisions involved here. Shelton's interpretation would require us to substitute the word "any" for "either" and the phrase "of any other party" for "of the other" in these two subsections. It is apparent §§ 110(C) and (D) contemplate but two parties, the divorcing husband and wife, and do not provide for an award of attorney fees and costs for an intervening party. The trial court correctly concluded it had no discretion under §§ 110(C) and (D) to award Shelton attorney fees against Rogers.

## CONCLUSION

¶11 The trial court correctly concluded it lacked statutory authority to award Shelton attorney fees against Rogers on any basis urged by Shelton. Accordingly, the trial court's order denying such fees is affirmed.

AFFIRMED.

HANSEN, P.J., not participating;

JONES, C.J., concurring specially:

I take this opportunity to state affirmatively that the statutes in question are available as a vehicle to determine maternity. If and when the need arises.